Eastern District of Kentucky
FILED
APR 0 5 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-289-GWU

PAULA G. NEWKIRK,                    PLAINTIFF,

VS.          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

2

Newkirk

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

Newkirk

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

Newkirk

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The administrative law judge (ALJ) found that Newkirk suffered from degenerative disc disease, osteoporosis, alcoholic cirrhosis of the liver, a possible thoracic compression fracture, a bipolar disorder, alcohol dependence, polysubstance dependence, an antisocial personality disorder, a history of neck and low back pain, Hepatitis B and C, a left ankle fracture and complaints of upper extremity pain, jaundice, depression, hostility, anger and sleep disturbances. (Tr. 19). He felt, that, nevertheless, she could still perform a limited range of medium level work and, thus, could return to her past relevant work as a book factory worker, tire factory worker and sewing machine operator. (Tr. 25). In the alternative, the ALJ found that the plaintiff could do a significant number of alternative jobs. (Tr. 24-26).[1]

---

[1]The ALJ felt that the plaintiff could have been considered disabled prior to March 31, 2003 based on her substance abuse problems. (Tr. 21, 25). However, as Publ. L.

7

Newkirk

The Court notes that the plaintiff described four of her six past jobs as involving <u>constant</u> handling and grasping of big objects (Tr. 71, 73, 74, 76),[2] an issue which the vocational expert (VE) did not address as to either past work or the alternative jobs that the VE cited. This was error, given the fact that Consultative Examiner Cox,[3] who noted cervical spine x-rays showed mild degenerative changes "throughout" and that there were associated sensory and range of motion deficits specifically, stated that the plaintiff had mild (<u>not</u> minimal) restriction in tolerance for handling objects. (Tr. 140). The non-examining medical reviewers did not properly rebut this information, as per <u>Barker v. Shalala</u>, 40 F.3d 789, 794 (6th Cir. 1994)[4] and no other examining source gave a functional capacity assessment. Given the fact that no clear rationale is given for rejecting the non-exertional restrictions cited

---

No. 104-121 no longer allows such conditions to be a basis for disability claims, no benefits could be awarded.

[2]The two remaining jobs were cashier (Tr. 72), the written description for which does not appear to have been filled out by the plaintiff, and "page inserter" (Tr. 75), which Newkirk indicated would require handling big object six out of eight hours a day. As one would presume, the <u>Dictionary of Occupational Titles'</u> description of Cashier I (Section 211.362-010) indicates that frequent handling is required.

[3]Cox did not specifically mention being aware of tests such as the bone density study showing "severe" osteoporosis at Tr. 136 and was obviously unaware of a subsequent report showing possible multiple thoracic compression fractures at Tr. 224.

[4]Timothy Gregg incorrectly implies that Cox found the <u>cervical</u> spine range of motion to be normal. (Tr. 150). No clinical details were discussed by fellow Medical Reviewer David Swan. (Tr. 152).

8

Newkirk

by the only examining physician to assess Newkirk's physical capacity, the case must be remanded for further consideration.

The Court also notes that the ALJ seemed to focus on certain improper factors in analyzing Newkirk's credibility. The plaintiff's lack of regular treatment for physical complaints, if due to lack of funds as she alleged, cannot be counted against the plaintiff under Sixth Circuit law. See Gooch, supra. Neither, necessarily, does the fact that a mentally ill person has not sought treatment. See Blankenship v. Bowen, 874 F.2d 1116, 1121-1122 (6th Cir. 1989).

The case will be remanded.[5]

This the ___5___ day of April, 2006.

_____
G. WIX UNTHANK
SENIOR JUDGE

---

[5] Presumably, also, the plaintiff will be represented by an attorney on remand, and will be provided with a new hearing, so as to render moot any problems as to the development of evidence. The plaintiff should take steps on remand to clarify which portions of Psychologist Pinaire's functional capacity opinion related to the bipolar disorder, as opposed to substance dependence, or obtain similar evidence which separates out the sequela of conditions which may properly be considered in support of a disability claim.